GEORGE E. MICKEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TOM E. MICKEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 439, 440.  Promulgated December 30, 1926.

*Held,* that the dividend declared by a corporation was a stock dividend and that the petitioners received no taxable income thereby.

*Henry C. Moeller, Esq.,* and *Harry E. Judd, Esq.,* for the petitioners.

*L. C. Mitchell, Esq.,* for the respondent.

The above-entitled proceedings came on for hearing at the same time, and inasmuch as the questions of fact and the issues of law involved in both proceedings are identical, it was stipulated that they might be consolidated for hearing and decision.

The deficiency found in the case of George E. Mickel was in the sum of $394.88, and in the case of Tom E. Mickel, $265.97. The question in the case is whether a dividend declared in 1920 was a cash or a stock dividend.

### FINDINGS OF FACT.

The taxpayers are residents of Omaha, Nebr., and stockholders of the Mickel Investment Co., a corporation. The company had an authorized capital stock of $150,000, consisting of $100,000 common stock, all of which had been issued prior to the year in question, and $50,000 of preferred stock, a portion of which is involved herein.

The petitioners, together with Will E. Mickel, owned all of the outstanding capital stock. On April 3, 1920, the directors of that corporation held a meeting, the minutes of which were as follows:

April 3rd. At the annual meeting of the Board of Directors of Mickel Investment Co. the following being present:

Thos. E. Mickel, Pres.

Will E. Mickel, Secy.

Geo. E. Mickel, Treas.

representing all the stock issued—Report of the Treasurer read and accepted by unanimous vote. Capital Stock Dividend of 6% was moved, seconded and accepted unanimously. Same officers for ensuing year elected by unanimous

vote. There being no further business to come before the meeting adjournment was ordered.

By (Signed)        WILL E. MICKEL,
*Secretary.*

Subsequent to this meeting, the bookkeeper was instructed by George E. Mickel, treasurer, to make the proper entries on the books of the company to show a stock dividend of 6 per cent, and on May 14 the following entry was made in the journal:

| 1920 | | Cr. | Dr. |
|---|---|---|---|
| May 14 | Dividends_____ | 6, 000 | _____ |
| | Geo. E. Mickel_____ | _____ | 2, 760 |
| | T. E. Mickel_____ | _____ | 2, 760 |
| | Will E. Mickel_____ | _____ | 480 |

On July 10, 1920, the directors met again and, when the minutes of the meeting of April 3 were submitted for approval, question arose as to whether or not they clearly reflected the action taken with reference to the declaration of the dividend. They were corrected to show that a stock dividend had been declared. The correction was made by the insertion of the words " and ordered issued " after the words " accepted unanimously." The minutes of the meeting of July 10 read as follows:

July 10th. At a special meeting of the Board of Directors of Mickel Investment Co. the following being present:

Thos. E. Mickel, Pres.
Will E. Mickel, Secy.
Geo. E. Mickel, Treas.

representing all stock issued—Minutes of last meeting read and correction made making payment of dividend perfectly clear. This being a stock dividend of $6,000 was ordered paid by issue of preferred stock as follows: $2,800 to Thos. E. Mickel, $2,800 to Geo. E. Mickel, $500 to Will E. Mickel, making total of $6,100, the difference of $100 being paid in cash.

Report on repairs on building at 15 and Harney read by Thos. E. Mickel and approved. Orders given to continue work on building, completing repairs to basement floor.

By (Signed)        WILL E. MICKEL,
*Secretary.*

Under date of July 15 a second entry was made in the journal as follows:

| 1920 | | Cr. | Dr. |
|---|---|---|---|
| July 15 | Geo. E. Mickel_____ | 2, 800 | _____ |
| | Tom E. Mickel_____ | 2, 800 | _____ |
| | Will E. Mickel_____ | 500 | _____ |
| | Treasury Stock_____ | _____ | 6, 100 |

At the time of the meeting on July 10 none of the directors knew of the manner in which the entry of May 14 had been made. Pursuant to the last resolution, preferred stock was issued to the stockholders in proportion to their previous holdings.

### OPINION.

GREEN: Counsel for the Commissioner contends that the journal entry of May 14, followed by the action of the board of directors on July 10 in correcting the minutes of the meeting of April 3, and the entry in the journal under date of July 15, conclusively show that a cash dividend was originally declared and that the action taken by the directors on July 10 was only an attempt to change the cash dividend into a stock dividend. Careful examination of all of the facts, however, leads to a different conclusion. It is true that the journal entry of May 14, standing alone, might justify a finding that the dividend was a cash dividend, but it is also true that the bookkeeper was instructed to make an entry to reflect a stock dividend, and, even though the bookkeeper had made an entry specifically designating the dividend as a cash dividend, it would nevertheless be a stock dividend, if such was the dividend declared by the directors. At the most, book entries are only evidential and are not always conclusive of the facts they are supposed to reflect. *Doyle* v. *Mitchell Bros. Co.*, 247 U. S. 179; *Appeal of Huning Mercantile Co.*, 1 B. T. A. 130; *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460; *Krieg Tanning Co.* v. *Commissioner*, 4 B. T. A. 1081. Furthermore, it appears that at the time of the meeting of the directors on July 10 none of them knew of the style of the entry of May 14, and the sole reason for the correcting of the minutes of the meeting of April 3 was because it was thought that those minutes, as submitted for approval, did not properly show that a stock dividend had been declared.

On these facts, there can be no doubt, except as to the $100 cash dividend, that the dividend declared on April 3 was a stock dividend, and, therefore, not income to the petitioners.

> *Final order of redetermination will be entered after 10 days' notice, under Rule 50.*